FILED
DECEMBER 6, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

SS-91003    HOD:NBM            F:\DATA\HISTORY\SS\91003\MOT Removal.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | |
|---|---|
| ROBERT BLACK, Individually and as Special Administrator of the Estate of ELIZABETH BLACK, Deceased,<br><br>                    Plaintiff,<br><br>        vs.<br><br>CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  NO:<br>)<br>)<br>)<br>)<br>) |

**07 C 6893**

**JUDGE KENNELLY
MAGISTRATE JUDGE BROWN**

NOTICE OF REMOVAL

NOW COME, the defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C., by and through their attorneys, SANCHEZ DANIELS & HOFFMAN LLP, and hereby removes the above titled cause of action, Cause No. 2007 L 10421, from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. Secs. 1332, 1441 and 1446, and in support thereof, states as follows:

1.    This action is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. Sec. 1332, and is removable pursuant to 28 U.S.C. Sec. 1441(b) based upon complete diversity of citizenship of the parties and an amount in controversy in excess of $75,000.

2.    Plaintiff filed this complaint against the defendants on or about October 3, 2007 in Cook County, Illinois. See Plaintiff's Complaint at Law attached hereto and incorporated herein as Exhibit A. Defendants, Chrysler Motors, L.L.C. and Chrysler L.L.C. (hereinafter referred to as

"Chrysler"), were served with the Complaint on November 9, 2007. See Service dated November 9, 2007 attached hereto and incorporated herein as Exhibits B.

3.  Chrysler is and was at the time of filing a limited liability company under the laws of the State of Delaware with its principal place of business in Auburn Hills, Michigan. Plaintiff was a citizen and resident of the State of Illinois since at least November 17, 2006. See Exhibit A at ¶ 1. There is complete diversity among the parties to this action. Accordingly, the United States District Court for the Northern District of Illinois has original jurisdiction pursuant to 28 U.S.C. Sec. 1332 and complete diversity of citizenship exists, therefore, this matter may be removed to this court pursuant to 28 U.S.C. Secs. 1441 and 1446(b).

4.  Plaintiff filed a six count complaint against the defendants alleging negligence (Count I); strict liability/survival action (Count II); strict liability/Family Expense Act (Count III); negligence/wrongful death (Count IV); negligence/survival (Count V); and, negligence/Family Expense Act (Count VI) in Cook County, State of Illinois. In each count plaintiff "demands judgment against the Defendants . . . in excess of $50,000.00 together with the costs of this action." See Exhibit A. Plaintiff alleges that the defendants were the proximate cause of the injuries sustained by Ms. Black resulting in her death. See id.

5.  "Removal base on diversity requires that the parties be of diverse state citizenship and that the amount in controversy exceed $75,000, exclusive of interest and costs. The party seeking removal has the burden of establishing federal jurisdiction." See Morrow v. DaimlerChrysler Corp., 451 F.Supp.2d 965, 966 (N.D. Ill. Aug. 28 2006) (citations omitted).

6.  Where an amount in controversy is not ascertainable on the face of the pleadings filed by the plaintiff, as in this case, the court has instructed the defendants that it is their responsibility "to

ascertain from a reasonable and commonsense reading of the complaint whether the action is removable." *See id.* at 967.

    7.    Based on the defendant's responsibility to ascertain from a reasonable and commonsense reading of the complaint, the amount in controversy in this matter exceeds $75,000.00. *See id.* (stating that where "the plaintiff alleged that he incurred lasting and permanent injuries, lost wages and profits, and suffered severe pain, emotional distress, and disability, among other injuries[ ] . . . '[i]n the parlance of product liability suits, these statements should sound warning bells in defendants' ears that significant damages are sought.'") (citing *McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp.2d 939, 941 (N.D.Ill. 2002) (collecting cases)).

    8.    This Notice of Removal is made pursuant to 28 U.S.C. Sec. 1446 as the initial pleading filed by the plaintiff states diversity of citizenship between the parties, an amount in controversy in excess of $75,000.00 based on a commonsense reading of the complaint and within the applicable time period.

    9.    Defendants, therefore, file this Notice of Removal of Civil Action to the United States District Court to remove this action from the Circuit Court of Cook County, Illinois, which is now pending, to the United States District Court for the Northern District of Illinois, Eastern Division within 30 days of service on the defendants.

    10.    The foregoing Notice of Removal is presented pursuant to the Federal Rules of Civil Procedure 11.

WHEREFORE, the defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C., prays this Honorable Court remove this action from the Circuit Court of Cook County, Illinois to the

United States District Court for the Northern District of Illinois, Eastern Division and for any other relief this Court deems appropriate.

                Respectfully submitted,

                SANCHEZ DANIELS & HOFFMAN LLP

By: _____
Attorneys for Defendants CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C.

Manuel Sanchez
Hugh C. O'Donnell
Neal B. McQueeney
SANCHEZ DANIELS & HOFFMAN LLP
333 West Wacker Drive
Suite 500
Chicago, Illinois 60606
(312) 641-1555

STATE OF ILLINOIS        )
                         )  SS
COUNTY OF COOK           )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT BLACK, Individually and as        )
Special Administrator of the ESTATE OF   )
ELIZABETH BLACK, deceased,               )
                                         )
         Plaintiff,                      )
                                         )
vs.                                      )   NO.
                                         )
CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. )
                                         )
         Defendants.                     )

## COMPLAINT AT LAW

### COUNT I

Plaintiff, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, (hereinafter "BLACK"), by and through his attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. (hereinafter "Chrysler"), and each of them, states:

1. On and before November 17, 2006, ELIZABETH BLACK was a citizen of the State of Illinois.

2. On and before November 17, 2006, and at all times material, Defendant, CHRYSLER, was a Delaware Corporation with its principal place of business in Michigan.

3. On and before November 17, 2006, and at all times material, Defendant, CHRYSLER, was engaged in the business of designing, manufacturing, assembling, distributing, and selling certain types of vehicles, including Jeep Wrangler Sport Utility Vehicles.

"A"

4. On and before November 17, 2006, and at all times material, Defendant, CHRYSLER, conducted business in Cook County, Illinois, which included marketing, distributing, and selling its products, including Jeep Wrangler Sport Utility Vehicles, in Cook County, Illinois.

5. Prior to November 17, 2006, Defendant, CHRYSLER, designed, manufactured and sold a 2002 Jeep Wrangler Sport Utility Vehicle (VIN 1J4FAS9S02P729441) (hereinafter "the Jeep Wrangler").

6. On information and belief, prior to November 17, 2006, the Defendants, CHRYSLER, distributed and sold the Jeep Wrangler in Illinois.

7. On November 17, 2006, ELIZABETH BLACK was driving the Jeep Wrangler on Interstate Highway 80 in Coralville, Iowa. As ELIZABETH was proceeding on the roadway, she lost control of the Jeep Wrangler and it began to roll.

8. On November 17, 2006, and at all times material, ELIZABETH BLACK was properly wearing her seatbelt during the rollover event. Despite properly wearing her seatbelt, she was partially ejected and suffered head, neck and chest trauma.

9. On November 17, 2006, when ELIZABETH BLACK was partially ejected, the injuries she sustained were fatal.

10. Prior to November 17, 2006, and at all times material, when the Jeep Wrangler was designed, manufactured and sold by CHRYSLER, it was defective in design and manufacture and unreasonably dangerous as designed and manufactured.

11. On November 17, 2006, at the time of the accident, and at all times material, the Jeep Wrangler was in substantially the same condition as it was in at the time it was placed into the stream of commerce by CHRYSLER. Further, no material alterations had been made to the vehicle.

12. Prior to November 17, 2006, when the Jeep Wrangler left the control of Defendant, CHRYSLER, it was defective and unreasonably dangerous in one or more of the following respects:

    (a)    it was designed, manufactured and sold with an inadequate stability control system;

    (b)    it was designed, manufactured and sold with an inadequate occupant restraint system;

    (c)    it was designed, manufactured and sold without an electronic stability control ("ESC") system;

    (d)    it was designed, manufactured and sold without pre-tensioners, web grabbers and/or a "belts to seat" design; and

    (e)    it was designed, manufactured and sold without a proper occupant restraint system that would have significantly reduced the risk of roll over and partial ejection without substantially impairing the utility of the vehicle.

13. As a proximate result of one or more of the aforesaid defects in the Jeep Wrangler which was designed, manufactured and sold by the Defendant, CHRYSLER, ELIZABETH BLACK sustained injuries which resulted in her death.

14. At the time of her death, ELIZABETH BLACK, deceased, left surviving her father, ROBERT BLACK, and her siblings, MARGARET BLACK and JACOB BLACK, who have been deprived of her love, affection and society.

15. ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, brings this action pursuant to 740 ILCS 180/1, 180/2, and 180/2.1, commonly referred to as the Wrongful Death Act (Attached hereto as Exhibit "A" is a copy of an Order entered in the Circuit Court of Cook County appointing ROBERT BLACK as the Special Administrator of the Estate of ELIZABETH BLACK, deceased).

WHEREFORE, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, demands judgment against the Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C., and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

**COUNT II**
(Strict Liability/Survival Action)

Plaintiff, ROBERT BLACK, Special Administrator of the estate of ELIZABETH BLACK, deceased, (hereinafter "Black"), by and through his attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. (hereinafter "Chrysler"), and each of them, states:

1-15. Plaintiff, BLACK, Special Administrator of the Estate of Elizabeth Black, deceased, restates, realleges and incorporates by reference paragraphs 1 through 15, including all subparagraphs, of Count I, as and for paragraphs 1 through 15 of Count II.

16. As a proximate result of one or more of the aforesaid defects in the Jeep Wrangler which was designed, manufactured and sold by the Defendant, CHRYSLER, ELIZABETH BLACK sustained conscious pain and suffering and disability prior to her death, and had she survived, she would have been entitled to bring an action for such injuries.

17. Plaintiff, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, brings this action pursuant to 755 ILCS 5/27-6, commonly referred to as the "Survival Act."

WHEREFORE, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, demands judgment against the Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C., and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

## COUNT III
### (Strict Liability/Family Expense Act)

Plaintiff, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, (hereinafter "Black"), by and through his attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. (hereinafter "Chrysler"), and each of them, states:

1-15.   Plaintiff, ROBERT BLACK, Special Administrator of the Estate of Elizabeth Black, deceased, restates, realleges and incorporates by reference paragraphs 1 through 15, including all subparagraphs, of Count I, as and for paragraphs 1 through 15 of Count III.

16.   That as a result of the death of ELIZABETH BLACK, deceased, certain medical, funeral and burial expenses were incurred for which the Estate of ELIZABETH BLACK, deceased, is liable.

17.   Plaintiff, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, brings this action pursuant to 750 ILCS 65/15, commonly referred to as the "Family Expense Act" (attached hereto as Exhibit "A" as evidence of his right to bring this action is a copy of the Order issued by the Circuit Court of Cook County).

WHEREFORE, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, demands judgment against the Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. , and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

## COUNT IV
### (Negligence/Wrongful Death)

Plaintiff, ROBERT BLACK, Special Administrator of the estate of ELIZABETH BLACK, deceased, (hereinafter "BLACK"), by and through his attorneys, SALVI, SCHOSTOK &

5

PRITCHARD P.C., and complaining of Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. (hereinafter "Chrysler"), and each of them, states:

1-11.　Plaintiff, BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, restates, realleges and incorporates by reference paragraph 1 through 11, including all subparagraphs, of Count I, as and for paragraphs 1 through 11 of Count IV.

12.　On November 17, 2006, and at all times material, ELIZABETH BLACK, deceased, was exercising ordinary care for her own safety when she was operating the Jeep Wrangler.

13.　Prior to November 17, 2006, and at all times material, and at the time that the Jeep Wrangler was designed, manufactured, distributed and sold by the Defendant, CHRYSLER, CHRYSLER was negligent in one or more of the following respects:

   (a)　designed, manufactured and sold the Jeep Wrangler with an inadequate stability control system;

   (b)　designed, manufactured and sold the Jeep Wrangler with an inadequate occupant restraint system;

   (c)　designed, manufactured and sold the Jeep Wrangler without an electronic stability control ("ESC") system;

   (d)　designed, manufactured and sold the Jeep Wrangler without pre-tensioners, web grabbers and/or a "belts to seat" design; and

   (e)　designed, manufactured and sold the Jeep Wrangler without a proper occupant restraint system that would have significantly reduced the risk of roll over and partial ejection without substantially impairing the utility of the vehicle.

14.　As a proximate result of one or more of the aforesaid negligent acts or omissions, ELIZABETH BLACK sustained injuries which resulted in her death.

15. At the time of her death, ELIZABETH BLACK, deceased, left surviving her father, ROBERT BLACK, and her siblings, MARGARET BLACK and JACOB BLACK, who have been deprived of her love, affection and society.

16. ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, brings this action pursuant to 740 ILCS 180/1, 180/2, and 180/2.1, commonly referred to as the Wrongful Death Act (Attached hereto as Exhibit "A" is a copy of an Order entered in the Circuit Court of Cook County appointing ROBERT BLACK as the Special Administrator of the Estate of ELIZABETH BLACK, deceased).

WHEREFORE, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, demands judgment against the Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C., and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

## COUNT V
### (Negligence/Survival Action)

Plaintiff, ROBERT BLACK, Special Administrator of the estate of ELIZABETH BLACK, deceased, (hereinafter "Black"), by and through his attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. (hereinafter "Chrysler"), and each of them, states:

1-15. Plaintiff, BLACK, Special Administrator of the Estate of Elizabeth Black, deceased, restates, realleges and incorporates by reference paragraphs 1 through 15, including all subparagraphs, of Count I, as and for paragraphs 1 through 15 of Count II.

16. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendants, CHRYSLER, ELIZABETH BLACK sustained conscious pain and

7

suffering and disability prior to her death, and had she survived, she would have been entitled to bring an action for such injuries.

17.　Plaintiff, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, brings this action pursuant to 755 ILCS 5/27-6, commonly referred to as the "Survival Act."

WHEREFORE, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, demands judgment against the Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. , and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

## COUNT VI
(Negligence/Family Expense Act)

Plaintiff, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, (hereinafter "Black"), by and through his attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. (hereinafter "Chrysler"), and each of them, states:

1-15.　Plaintiff, BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, restates, realleges and incorporates by reference paragraphs 1 through 15, including all subparagraphs, of Count I, as and for paragraphs 1 through 15 of Count III.

16.　That as a result of the death of Elizabeth Black, deceased, certain medical, funeral and burial expenses were incurred for which the Estate of ELIZABETH BLACK, deceased, is liable.

17.　Plaintiff, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, brings this action pursuant to 750 ILCS 65/15, commonly referred to as the

"Family Expense Act" (attached hereto as Exhibit "A" as evidence of his right to bring this action is a copy of the Order issued by the Circuit Court of Cook County).

WHEREFORE, ROBERT BLACK, Special Administrator of the Estate of ELIZABETH BLACK, deceased, demands judgment against the Defendants, CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. , and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

PLAINTIFF DEMANDS TRIAL BY JURY

SALVI, SCHOSTOK & PRITCHARD P.C.

By: _____
Donald R. McGarrah, Attorney for Plaintiff

DONALD R. MCGARRAH – ARDC #3123480
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT BLACK, Individually and as )
Special Administrator of the ESTATE OF )
ELIZABETH BLACK, deceased, )
                                      )
         Plaintiff,          )
                                      )
vs.                             )    NO. 2007L010421
                                      )    CALENDAR/ROOM A
                                      )    TIME 00:00
CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. )    PI Motor Vehicle
                                      )
         Defendants.     )

## ORDER

THIS MATTER COMING before this Court on a Petition to Appoint a Special Administrator of the Estate of ELIZABETH BLACK, deceased, and it being represented that ROBERT BLACK is legally competent to act as Administrator;

IT IS HEREBY ORDERED that ROBERT BLACK is appointed Special Administrator of the Estate of ELIZABETH BLACK, deceased, for the purpose of prosecuting a cause of action for all purposes relating to this lawsuit.

IT IS FURTHER stated by DONALD R. McGARRAH, Attorney, that ROBERT BLACK is a resident of Illinois and is qualified to serve as Special Administrator in this action under the laws of the State of Illinois.

                                      ENTER:

                                      _____

Dated at Chicago, Illinois this
_____ day of October 2007.

DONALD R. MCGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227

ENTERED
JUDGE WILLIAM D. MADDUX-1559
OCT 03 2007
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK_____



EXHIBIT A

STATE OF ILLINOIS   )
                    ) SS
COUNTY OF COOK      )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ROBERT BLACK, Individually and as Special Administrator of the ESTATE OF ELIZABETH BLACK, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) NO.<br>)<br>)<br>)<br>)<br>) |

2007L010421
CALENDAR/ROOM A
TIME 00:00
PI Motor Vehicle

## JURY DEMAND

Plaintiff demands trial by jury.

SALVI, SCHOSTOK & PRITCHARD P.C.

By: _____
DONALD R. McGARRAH, Attorney for Plaintiff

DONALD R. McGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227

| STATE OF ILLINOIS | ) | |
|---|---|---|
| | ) | SS |
| COUNTY OF COOK | ) | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

ROBERT BLACK, Individually and as )
Special Administrator of the ESTATE OF )
ELIZABETH BLACK, deceased, )
)
       Plaintiff, )
)
vs. )  NO.
)
CHRYSLER MOTORS L.L.C. and CHRYSLER L.L.C. )
)
       Defendants. )

2007L010421
CALENDAR/ROOM A
TIME 00:00
PI Motor Vehicle

## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(B)

Pursuant to Supreme Court Rule 222(B), counsel for the above-named Plaintiff certifies that Plaintiff seeks money damages in excess of $50,000.00.

                                          SALVI, SCHOSTOK & PRITCHARD P.C.

           By: _____
                                   Attorneys for Plaintiff

DONALD R. MCGARRAH – ARDC #3123480
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227

P1
1178494
LVW

Claim to case

## CT CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
11/09/2007
CT Log Number 512775712

| | |
|---|---|
| **TO:** | Richard D Houtman, VP/Associate Gen Csl.<br>Chrysler LLC<br>Office Of General Counsel, 1000 Chrysler Drive<br>CIMS 485-14-07<br>Auburn Hills, MI 48326-2766 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Chrysler Motors LLC (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Robert Black, Individually and as Special Administrator of the Estate of Elizabeth Black, deceased, Pltfs. vs. Chrysler Motors L.L.C. and Chrysler L.L.C., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Service List, Complaint, Exhibit, Jury Demand, Affidavit |
| **COURT/AGENCY:** | Cook County, Illinois Circuit Court, Law Division, IL<br>Case # 2007L010421 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Wrongful Death |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Springfield, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/09/2007 at 12:19 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of summons |
| **ATTORNEY(S) / SENDER(S):** | Donald R. McGarrah<br>Salvi, Schostok & Pritchard P.C.<br>181 W. Madison Street, Suite 3800<br>Chicago, IL 60602<br>312-372-1227 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 798306227441<br>Email Notification, Richard D Houtman sprocess@Chrysler.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br>**TELEPHONE:** | The Corporation Company<br>Candiss Golaszweski-Karr<br>600 South Second Street<br>Springfield, IL 62704<br>217-522-4441 |

CHRYSLER LLC
OFFICE OF THE GENERAL COUNSEL
NOV 1 2 2007
BY SA MAIL / REG. AGENT / SEC. OF STATE / PROC. SERVER

Page 1 of 1 / DG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

"B"